144 P.3d 23

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Bruce Allen KNIGHTON, Defendant–Appellant.**

**No. 31611.**

Supreme Court of Idaho,
Boise, January 2006 Term.

May 4, 2006.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Molly J. Huskey argued.

Honorable Lawrence G. Wasden, Attorney General, Boise, for respondent. Rebekah A. Cudé argued.

SCHROEDER, Chief Justice.

Bruce Allen Knighton (Knighton) appeals from the district court's decision regarding his sentencing and also argues that the State violated the terms of the plea agreement.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Knighton was charged with three counts of lewd conduct with a minor under sixteen, a violation of I.C. § 18–1508. He entered into a written plea agreement with the State and pled guilty to one count of lewd conduct with a minor under sixteen. In return the State dismissed two counts of lewd conduct, agreed not to pursue other charges and agreed to recommend a sentence consistent with the suggestion of the presentence investigator.

The presentence investigator recommended Knighton be placed on probation. The plea agreement provides, "If the recommendation is for probation, the State is free to recommend a specific suspended sentence." At the sentence hearing, consistent with the plea agreement, the State recommended that Knighton be placed on probation with an underlying unified sentence of thirty years with five years fixed. The district court imposed a unified sentence of twenty-five years with three years fixed.

Knighton filed a motion to reduce his sentence pursuant to I.C.R. 35. The State opposed the motion. The district court denied the motion. On appeal Knighton argues that the State breached the plea agreement by opposing his Rule 35 motion; the district court abused its discretion when it imposed a unified sentence of twenty-five years with three years fixed; and, the district court abused its discretion when it denied his Rule 35 motion seeking leniency. Following oral argument the case was continued to obtain transcripts of the change of plea hearing and the hearing on the Rule 35 motion.

## II.

## STANDARD OF REVIEW

■ This Court's standard of review of a sentence is well established. So long as the sentence is within the statutory limits, the appellant must show that the trial court, when imposing the sentence, clearly abused its discretion. Where reasonable minds could differ whether a sentence is excessive, this Court will not disturb the decision of the sentencing court.

*State v. Stover*, 140 Idaho 927, 933, 104 P.3d 969, 975 (2005). A sentencing court's grant or denial of a Rule 35 motion is also subject to the discretionary standard of review. *State v. Grube*, 126 Idaho 377, 388, 883 P.2d 1069, 1080 (1994).

## III.

## THE STATE DID NOT BREACH THE PLEA AGREEMENT

■ Knighton argues the State breached the plea agreement when it opposed his Rule 35 motion. No such objection was made in the district court. Regardless, the record is clear that Knighton's position is without merit.

There is no express term prohibiting the State from opposing the Rule 35 motion, but Knighton asserts there is an implied term to that effect. The plea agreement expressly states that "this constitutes the full agreement between the State and the Defendant." The State complied with the agreement at sentencing. There is no implied agreement concerning the Rule 35 motion. There was no breach of the agreement by the prosecution.

## IV.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN SENTENCING KNIGHTON OR IN DENYING HIS RULE 35 MOTION

■ If the sentence is within the statutory limits, this Court reviews a sentence for an abuse of discretion. *State v. Stover*, 140 Idaho 927, 933, 104 P.3d 969, 975 (2005). A successful appellant must establish that, under any reasonable view of the facts, the sentence was excessive considering the objectives of criminal punishment, which are "(1) protection of society; (2) deterrence of the

**320**

individual and the public generally; (3) the possibility of rehabilitation; and (4) punishment or retribution for wrongdoing." *Id.* (quoting *State v. Cross,* 132 Idaho 667, 671, 978 P.2d 227, 231 (1999)). Knighton's sentence does not exceed the statutory maximum. Knighton relies on *State v. Alberts,* 121 Idaho 204, 824 P.2d 135 (Ct.App.1991), *State v. Carrasco,* 114 Idaho 348, 757 P.2d 211 (Ct.App.1988), and *State v. Shideler,* 103 Idaho 593, 651 P.2d 527 (1982). The sentences in those cases were reduced because the sentencing court did not give sufficient consideration to each defendant's good character, status as a first-time offender, sincere expressions of remorse and amenability to treatment, and support of family. To the contrary in this case it is clear that the district court considered the relevant information and that information clearly warrants the sentence imposed.

Information in the presentence report and the psychosexual evaluation indicate that Knighton had sexual intercourse with the victim 35 to 40 times over the course of three years, beginning when she was 13 years old and ending upon his arrest. He had already served two felony probations. He violated his probation with additional convictions for grand theft. He had sex with a 17 year old girl who was living with him and his previous wife when he was approximately 30 years old, a crime for which he was not charged. He blames his actions on his former wife's work schedule. He justifies, excuses and minimizes his conduct to keep from accepting full responsibility for his crimes, including the claim that his wife "put all her energy into helping the children and ignored him completely." This does not justify or excuse sex with the child. He is a moderate to high risk to reoffend and at high risk of being a child sexual abuser. His polygraph examination and other psychometrics raise concerns. His family does not support him.

▮ Knighton correctly states in his brief, "If the sentence was not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with the motion for reduction." *State v. Trent,* 125 Idaho 251, 253, 869 P.2d 568, 570 (Ct.App.1994) (citing

*State v. Hernandez,* 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991)). If the defendant fails to make such a showing, the denial of the motion is not an abuse of discretion. *State v. Shiloff,* 125 Idaho 104, 107, 867 P.2d 978, 981 (1994); *State v. Hernandez,* 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991). Knighton did not submit new information to support his Rule 35 motion. It was a claim of leniency based on the proposition that his original sentence was excessive. The original sentence was not excessive. The denial of the motion for reconsideration was not an abuse of discretion.

## V.

## CONCLUSION

The decision of the district court is affirmed.

Justices TROUT, EISMANN, BURDICK and JONES concur.