IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 36702/36703

| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 462 |
|---|---|---|
| Plaintiff-Respondent, | ) ) | Filed: May 13, 2010 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| JESSE COLE CAHILL, | ) ) | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | ) ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for possession of a controlled substance, methamphetamine, in Docket No. 36703; orders denying I.C.R. 35 motion for reduction of sentence in Docket Nos. 36702 and 36703, affirmed.

Molly J. Huskey, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before LANSING, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

PER CURIAM

Jesse Cole Cahill pled guilty to possession of a controlled substance, methamphetamine, in Docket No. 36702. Idaho Code § 37-2732(c)(1). The district court imposed a unified sentence of seven years with a minimum period of confinement of three years and retained jurisdiction. Following a period of retained jurisdiction Cahill was placed on probation for seven years. Subsequently, Cahill admitted violating the terms of his probation and the district court revoked the probation and ordered the underlying sentence into execution. In Docket No. 36703, Cahill again pled guilty to possession of methamphetamine. The district court sentenced Cahill to a unified term of seven years, with a minimum period of confinement of two years to run

1

concurrent with his sentence in Docket No. 36702. Cahill filed an Idaho Criminal Rule 35 motion in Docket Nos. 36702 and 36703, and the district court denied both motions. Cahill appeals asserting that the district court abused its discretion by imposing an excessive sentence in Docket No. 36703 and further abused its discretion by denying his Rule 35 motions in Docket Nos. 36702 and 36703.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Cahill's Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, Cahill's judgment of conviction and sentence in Docket No. 36703 and the district court's orders denying Cahill's Rule 35 motions in Docket Nos. 36702 and 36703 are affirmed.