# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 37174

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Unpublished Opinion No. 666** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 12, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CHRISTOPHER DALE BRIGGS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge, GUTIERREZ, Judge
and GRATTON, Judge

---

PER CURIAM

Christopher Dale Briggs was convicted of felony possession of methamphetamine, Idaho Code § 37-2732(c). The district court imposed the sentence to which the parties stipulated, a unified sentence of one and one-half years with a one-year determinate term. Briggs filed an Idaho Criminal Rule 35 motion, which the district court denied. Briggs appeals from the denial of his Rule 35 motion.

A Rule 35 motion is a request for leniency which is addressed to the sound discretion of the sentencing court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information

1

subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). Our focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). Where a sentence is not illegal, the appellant must show that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Having reviewed the record, including the new information submitted with Briggs's Rule 35 motion, we find no abuse of discretion in the district court's denial of the motion. Accordingly, the district court's order denying Briggs's I.C.R. 35 motion is affirmed.