**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket Nos. 39018/39019**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 515** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 15, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **RICHARD L. MILLER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 39018, Richard L. Miller pled guilty to possession of a controlled substance with intent to deliver, Idaho Code § 37-2732(a)(1)(A). The district court sentenced Miller to a unified sentence of seven years with three years determinate. In Docket No. 39019, Miller pled guilty to possession of a controlled substance, I.C. § 37-2732. The district court sentenced Miller to a unified sentence of seven years with three years determinate and ordered that it run concurrently with the sentence imposed in docket number 39018. Miller filed an Idaho Criminal Rule 35 motion in each case, both of which were denied by the district court. Miller asserts that the district court abused its discretion by denying his I.C.R. 35 motions, in light of new information.

1

A Rule 35 motion is a request for leniency which is addressed to the sound discretion of the sentencing court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). Our focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). Where a sentence is not illegal, the appellant must show that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Having reviewed the record, including any new information submitted with Miller's Rule 35 motions, we find no abuse of discretion in the district court's denial of the motions. Accordingly, the district court's orders denying Miller's I.C.R. 35 motions are affirmed.