**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39749**

| | |
|---|---|
| STATE OF IDAHO, | 2013 Unpublished Opinion No. 428 |
| Plaintiff-Respondent, | Filed: April 2, 2013 |
| v. | Stephen W. Kenyon, Clerk |
| MATTHEW CHARLES ASKEW, | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Order denying Rule 35 motion, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Matthew Charles Askew pled guilty to grand theft by possession of stolen property. Idaho Code §§ 18-2403(4), 18-2407(1). The district court imposed a unified seven-year sentence with a two-year determinate term, but suspended the sentence and placed Askew on probation for seven years. Subsequently, Askew admitted to violating several terms of the probation, and the district court reinstated his probation and ordered him to follow treatment recommendations. Askew again admitted to violating probationary terms. Consequently, the district court revoked Askew's probation, imposed his original sentence, and retained jurisdiction. After the period of retained jurisdiction, the district court relinquished jurisdiction and executed the original sentence.

1

Askew filed a pro se Idaho Criminal Rule 35 motion for reduction or correction of his sentence. The district court appointed counsel to represent Askew in his Rule 35 proceeding and appointed counsel filed another Rule 35 motion. The district court denied Askew's Rule 35 motion, but corrected his credit for time served.

Askew appeals, claiming that the district court abused its discretion by denying his Rule 35 motion.[1] Askew also asserts that the Idaho Supreme Court denied him due process and equal protection by denying his motion to augment the record on appeal.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Askew's Rule 35 motion, we conclude no abuse of discretion has been shown.

Askew asks this Court to hold that the Idaho Supreme Court deprived him of due process and equal protection when it denied his motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id.* Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to

---

[1] Askew withdrew his claim that the district court abused its discretion by relinquishing jurisdiction.

demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Askew has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence, Askew asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motion. As this is beyond the scope of our authority, we will not address the issue further.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by denying Askew's Rule 35 motion. Therefore, the district court's order denying Askew's Rule 35 motion is affirmed.