**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39508**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 462 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 25, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JACOB LEE LUNDAHL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Jacob Lee Lundahl pled guilty to felony operating a motor vehicle while under the influence of alcohol. Idaho Code §§ 18-8004, 18-8005(4). The district court imposed a unified sentence of seven years, with two years determinate, but suspended the sentence and placed Lundahl on probation. Subsequently, Lundahl admitted to violating the terms of his probation. The district court revoked probation and executed the underlying sentence, but retained jurisdiction. After a period of retained jurisdiction, the district court relinquished jurisdiction. Lundahl filed an Idaho Criminal Rule 35 motion for reduction of his sentence, which the district court denied. Lundahl then filed a motion requesting credit for time served, which was granted

1

by the district court. Lundahl now appeals, contending the district court abused its discretion by relinquishing jurisdiction and by denying his Rule 35 motion.

Lundahl also challenges the Idaho Supreme Court's order denying his motion to augment the record on appeal. After the appellate record was settled, Lundahl filed a motion to augment the record on appeal with various unprepared transcripts. The State objected, and the Idaho Supreme Court denied the motion as to the transcripts of the probation violation hearing and probation disposition hearing.

Lundahl asks this Court to hold that the Idaho Supreme Court deprived him of due process and equal protection when it denied his motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id*. Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Lundahl has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence, Lundahl asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motion. To the extent Lundahl attempts to distinguish *Morgan* because it involved a challenge to a district court's decision to revoke probation, we consider such distinction of no effect. We adhere to our conclusion in *Morgan* that reviewing the denial of a motion to augment the record by the Supreme Court is beyond the scope of our authority.

Lundahl had an opportunity to present his constitutional arguments to the Supreme Court, and that Court denied his motion. He has no right to "appeal" that denial to the Idaho Court of Appeals, and we have no authority to consider such an appeal. As such, we will not address Lundahl's attempt to distinguish his case from *Morgan* because it still falls within the challenge to the Idaho Supreme Court's denial of the motion to augment.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Lundahl has failed to show that the district court abused its discretion, and we affirm the order relinquishing jurisdiction.

A motion for reduction of sentence under Idaho Criminal Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Lundahl's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Lundahl's Rule 35 motion is affirmed.