**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 39946**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 563 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 2, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DEBBY RAE JOHNSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. Juneal C. Kerrick, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUITIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Debby Rae Johnson was convicted of one count of possession or delivery of a controlled substance while in jail, Idaho Code § 18-2511. The district court withheld judgment and placed Johnson on probation for three years. Subsequently, Johnson admitted to violating her probation and the district court revoked probation and executed a five-year sentence with two and one-half years determinate. Johnson filed an Idaho Criminal Rule 35 motion, which the district court denied. Johnson appeals from the denial of her Rule 35 motion.

A Rule 35 motion is a request for leniency which is addressed to the sound discretion of the sentencing court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion,

the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). Our focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). Where a sentence is not illegal, the appellant must show that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Having reviewed the record, including any new information submitted with Johnson's Rule 35 motion, we find no abuse of discretion in the district court's denial of the motion. Accordingly, the district court's order denying Johnson's I.C.R. 35 motion is affirmed.