**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40279/40280**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 571 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 9, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SUNNY ANGEL ROBISON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUITIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge
_____

PER CURIAM

This is a consolidated appeal. In Docket No. 40279, Sunny Angel Robison was convicted of accessory to grand theft by possession of stolen property, Idaho Code §§ 18-2403(4), 18-2407(1), and 18-205. The district court imposed a unified sentence of four years with two years determinate. In Docket No. 40280, Robison was convicted of sexual abuse of a minor, I.C. § 18-1506(1)(B). The district court imposed a unified sentence of six years with three years determinate, to run concurrently with her sentence for accessory to grand theft. The sentences were suspended in both cases and the district court retained jurisdiction. Prior to the end of the retained jurisdiction period, the district court relinquished jurisdiction in both cases.

1

Robison filed Idaho Criminal Rule 35 motions, which the district court denied. Robison appeals from the denial of her Rule 35 motions.

A Rule 35 motion is a request for leniency which is addressed to the sound discretion of the sentencing court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). Our focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). Where a sentence is not illegal, the appellant must show that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Having reviewed the record, including any new information submitted with Robison's Rule 35 motions, we find no abuse of discretion in the district court's denial of the motions. Accordingly, the district court's orders denying Robison's I.C.R. 35 motions are affirmed.