**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40011**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 687** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: October 2, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **HEATHER NICOLE JORGENSEN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Darren B. Simpson, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

GUITIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Heather Nicole Jorgensen was convicted of grand theft by possession of stolen property, Idaho Code §§ 18-2403(4), 18-2407(1)(b)3. The district court imposed a unified five-year sentence with two years determinate, but after a period of retained jurisdiction, suspended the sentence and placed Jorgensen on probation. A report of probation violation was filed but the district court continued Jorgensen on probation. Subsequently, Jorgensen was found to have violated several terms of the probation, and the district court consequently revoked probation and ordered a second period of retained jurisdiction. Prior to the end of the retained jurisdiction period, the district court relinquished jurisdiction and ordered execution of the original sentence.

1

Jorgensen filed an Idaho Criminal Rule 35 motion, which the district court denied. Jorgensen appeals from the denial of her Rule 35 motion.

A Rule 35 motion is a request for leniency which is addressed to the sound discretion of the sentencing court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). Our focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). Where a sentence is not illegal, the appellant must show that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Having reviewed the record, including any new information submitted with Jorgensen's Rule 35 motion, we find no abuse of discretion in the district court's denial of the motion. Accordingly, the district court's order denying Jorgensen's I.C.R. 35 motion is affirmed.