**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40215/40216/40889/40891**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 362** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 7, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **PAMELA DENISE PRINGLE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Order denying Idaho Criminal Rule 35 motions for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

In Docket No. 40891, Pamela Denise Pringle pled guilty to issuing a check without funds. Idaho Code § 18-3106(a). The district court granted Pringle a withheld judgment and placed Pringle on probation. Subsequently, Pringle incurred new criminal charges. In Docket No. 40889, Pringle pled guilty to grand theft. I.C. § 18-2403. As a result of the new criminal conviction, the district court revoked Pringle's withheld judgment and entered a judgment of conviction in Docket No. 40891. The district court sentenced Pringle to concurrent terms in the two cases: a unified term of three years, with one and one-half years determinate, for the issuing checks without funds conviction, and a unified term of six years, with one and one-half years determinate, for the grand theft conviction.

1

Pringle appealed both her sentences[1] and filed Idaho Criminal Rule 35 motions for a reduction of her sentences. The district court denied both motions. Pringle now appeals, contending the district court abused its discretion by denying her Rule 35 motions. The two cases are consolidated on appeal.

A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Pringle's Rule 35 motion, we conclude no abuse of discretion has been shown.

Pringle has also failed to show that the district court abused its discretion by unduly limiting the information it considered and failing to consider Pringle's gambling addiction as a mitigating factor. The record disproves Pringle's claim. With regard to the supplemental materials submitted by Pringle in support of her gambling addiction as a mitigating factor, the district court stated, "I gave this a lot of thought, more probably than the normal case because of the unique factors involved." However, the district court found that Pringle's gambling addiction only spoke to her rehabilitation, just one of the factors to consider in sentencing. Instead, the district court focused on the protection of the public in denying Pringle's Rule 35 motions. *See State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982) (holding that the primary consideration in sentencing is the protection of society, and all other factors must be subservient to that end).

In sum, Pringle has failed to show an abuse of discretion. Therefore, the district court's order denying Pringle's Rule 35 motions is affirmed.

---

[1] Pringle separately appealed her sentences stemming from the two cases in Docket Nos. 40215 and 40216. In her briefs, Pringle states she is only raising on appeal the denial of her Idaho Criminal Rule 35 motions. Because she provides neither argument nor authority as to her sentences, we do not address them. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding a party waives an issue on appeal if either authority or argument is lacking).