**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45729**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 9, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSEPH MASAHI LAW, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, and consecutive indeterminate sentence of ten years for two counts of sexual exploitation of a child, affirmed; order denying I.C.R. 35 motion for reduction of sentences, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

Joseph Masahi Law pled guilty to two counts of sexual exploitation of a child. I.C. § 18-1507(2)(a). In exchange for his guilty pleas, additional charges were dismissed. The district court sentenced Law to a unified term of term of ten years, with a minimum period of confinement of three years, for the first count and a consecutive indeterminate term of ten years for the second count. Law filed an I.C.R. 35 motion, which the district court denied. Law

1

appeals, claiming his sentences are excessive and that the district court erred in denying his Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Law's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Law's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Law's judgment of conviction and sentences and the district court's order denying Law's Rule 35 motion are affirmed.