# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45711

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

WILLIAM ROGER BARNES,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: August 21, 2018

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of two years, for felony driving under the influence, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

    William Roger Barnes pled guilty to felony driving under the influence. I.C. § 18-8004. The district court sentenced Barnes to a unified term of ten years, with a minimum period of confinement of two years. Barnes filed an I.C.R 35 motion, which the district court denied. Barnes appeals, arguing that his sentence is excessive and that the district court erred in denying his Rule 35 motion.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Barnes's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Barnes's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Barnes's judgment of conviction and sentence, and the district court's order denying Barnes's Rule 35 motion, are affirmed.