IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 45609**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 4, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MARK LEE JONES, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Gregory W. Moeller, District Judge.

Judgment of conviction and concurrent, unified sentences of twenty years with a minimum period of confinement of four years for three counts of manufacture or delivery of methamphetamine, and seven years with two years determinate for one count of possession of methamphetamine, affirmed; order denying I.C.R. 35 motion for reduction of sentences, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Mark Lee Jones pled guilty to three counts of manufacture or delivery of methamphetamine, Idaho Code § 37-2732(a)(1)(A) and one count of possession of methamphetamine, I.C. § 37-2732(c)(3). The district court sentenced Jones to concurrent, unified sentences of twenty years with four years determinate for the three counts of manufacture or delivery of methamphetamine, and seven years with two years determinate for the one count of possession of methamphetamine. Jones filed an Idaho Criminal Rule 35 motion, which the

1

district court denied. Jones appeals asserting that the district court abused its discretion by imposing an excessive sentence and by denying his Rule 35 motion for reduction of sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Jones' Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Jones' Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Jones' judgment of conviction and sentences, and the district court's order denying Jones' Rule 35 motion, are affirmed.