# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46087

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

BRITTANY JEAN WARD, aka
SEAMON, aka TIMLICK, aka WARD-
TIMLICK, aka WILLSON, aka
WILSON, aka MIKKELSON, aka
KAYLOR,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: February 7, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Judgment of conviction and unified sentence of fourteen years, with a minimum period of confinement of four years, for grand theft by deception, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

Brittany Jean Ward pled guilty to grand theft by deception. Idaho Code § 18-2403(2)(a). The district court sentenced Ward to a unified term of fourteen years with four years determinate. Ward filed an Idaho Criminal Rule 35 motion, which the district court denied. Ward appeals asserting that the district court abused its discretion by imposing an excessive sentence and by denying her I.C.R. 35 motion.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Ward's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Ward's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Ward's judgment of conviction and sentence, and the district court's order denying Ward's Rule 35 motion, are affirmed.