# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46255

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

MELISSA CAROL COLEMAN,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: April 11, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Nancy Baskin, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of two and one-half years, for vehicular manslaughter, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

Melissa Carol Coleman entered an *Alford*[1] plea to vehicular manslaughter. Idaho Code § 18-4006(3)(b). The district court sentenced Coleman to ten years with two and one-half years determinate. Coleman filed an Idaho Criminal Rule 35 motion, which the district court denied. Coleman appeals asserting that the district court abused its discretion by imposing an excessive sentence and by denying her I.C.R. 35 motion.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Coleman's Rule 35 motion.  A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  Upon review of the record, including any new information submitted with Coleman's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Coleman's judgment of conviction and sentence, and the district court's order denying Coleman's Rule 35 motion, are affirmed.