## M. B. WILKERSON ET AL., PLAINTIFFS, *v.* L. R. WALTERS ET AL., DEFENDANTS.

EQUITY—MULTIPLICITY OF SUITS.—The doctrine of the interposition of a court of equity to prevent a multiplicity of suits can not be maintained where there is simply a multitude of individuals, plaintiffs, whose several interests are not dependent upon one another.

EQUITY—REMEDY AT LAW.—Equity will not relieve where the parties have had a plain and speedy remedy at law, which, by their own negligence, they have not availed themselves of.

ACTION to enjoin the collection of judgments for taxes. Certified by the district court of the second judicial district, Ada county.

*Huston & Gray,* for the plaintiffs.

*Prickett & Hasbrouck, and F. E. Ensign,* for the defendants.

WHITSON, J., delivered the opinion. HOLLISTER, J., concurred. NOGGLE, C. J., dissented.

This case is presented to us upon a petition for a rehearing, and no opinion having been written at the time of, nor since the decision of the case, we propose to give our views

upon the whole case upon this application: 1. As to avoiding a multiplicity of suits.   2. As to the remedy at law.

The doctrine of the interposition of a court of equity to prevent a multiplicity of suits can not be maintained where there is simply a multitude of individuals whose several interests are not depending upon one another.   It can make no difference to Wilkerson in this case, whether the other plaintiffs are obliged to pay this tax or not, and *vice versa.* There is no community of interest between them, and the question presents itself only as to whether there is any danger of a multiplicity of suits as against each of these plaintiffs.   Clearly, there is none, as the act of the legislature of 1872 and 1873 places them without doubt in this county, and the cause which led to the conflict between the counties in making the assessments is not likely to again occur.

Again, the parties having once had an opportunity to contest the collection of these taxes in a court of law, and having failed to do so, are in no condition to ask the interposition of a court of equity when the remedy at law was ample and complete.   The plaintiffs might have defended against the collection of these taxes under the thirty-ninth section of the revenue act, and might even now have the judgment against them reopened and set up the defense provided by the fourth subdivision of that section, or if the taxes are void they might sue each and every of the officers who should attempt to levy upon their property to satisfy the amount of the taxes.

It may be, and no doubt is true, that courts of equity will often lend their powers to test the validity of a law of the legislature; but in such cases the party coming into a court of equity, must not have been guilty of laches in defending against the thing sought to be enforced, when an opportunity has been presented to do so in the ordinary course of the law.   The parties in this case have had ample opportunity to resist the payment of these taxes in the actions which were instituted against them, and failed to make any defense.   While courts of equity will often interfere to prevent the collection of a void tax, they will only do so where the parties have had no remedy in the due course of law.

The old maxim, that "those who ask equity must do equity," is very applicable in this case. It does not appear but that the court which rendered the judgments in these cases had complete jurisdiction of the persons of the plaintiffs, and if so, they were certainly guilty of laches in not making the defense that they were residents of Idaho county, and that their property was all within such county. This they could easily have done, if such was the fact, and thus have avoided the necessity of appealing to a court of equity. It is true that courts of equity will often interfere to prevent the enforcement of a void judgment, but in such cases the judgment sought to be avoided must appear to be void upon the face of the record, and not for some reason *de hors* the record, which might have been urged against its rendition in the court where it was rendered, and which the party, by his own negligence, failed to do.

We do not conceive it necessary to pass upon any of the other questions raised, as we deem the reasons already given the only pertinent ones in the case, the question of the validity of the act of the legislature of January 10, 1873, validating the judgments against these plaintiffs, being likely to arise in future proceedings thereunder.

Petition denied.