**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40478**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 577** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: July 11, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROGER LEE GIBBS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction and concurrent unified sentences of ten years, with minimum periods of confinement of three years, for grand theft and possession of forged stolen notes, bank bills or checks, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentences, <u>affirmed</u>.

Jeffrey Brownson of Nevin, Benjamin, McKay & Bartlett LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

———————————————————

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

———————————————————

PER CURIAM

Roger Lee Gibbs pled guilty to grand theft, I.C. §§ 18-2403(1), 18-2407(1)(b), and 18-2409; and possession of forged stolen notes, bank bills or checks, I.C. § 18-3605. In exchange for his guilty plea, additional charges and an allegation that Gibbs was a persistent violator were dismissed. The district court sentenced Gibbs to concurrent unified terms of ten years, with minimum periods of confinement of three years. Gibbs filed an I.C.R 35 motion, which the district court denied. Gibbs appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established.

1

*See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Gibbs's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Gibbs's judgment of conviction and sentences, and the district court's order denying Gibbs's Rule 35 motion, are affirmed.