# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43416

| | |
|---|---|
| STATE OF IDAHO, | ) 2016 Unpublished Opinion No. 518 |
| | ) |
| Plaintiff-Respondent, | ) Filed: May 4, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| DENYSE LEE NIMMO, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment of conviction and sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Denyse Lee Nimmo was found guilty by jury of battery on a police officer with persistent violator, Idaho Code §§ 18-915(3), 18-903(a), 19-2514. The district court imposed a unified ten-year sentence, with one year determinate.[1] Nimmo appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103

---

[1] The district court entered an amended judgment of conviction to one felony count to correct that Nimmo was found guilty by jury verdict rather than entry of Guilty plea.

1

Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Nimmo's judgment of conviction and sentence is affirmed.