**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43545**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 563** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: June 14, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ANDY DEMOSTENES GALLEGOS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction and consecutive unified sentences of fifteen years, with a minimum period of confinement of twelve years, for one count attempted rape and fifteen years with eight years determinate for a second count of attempted rape, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Andy Demostenes Gallegos pled guilty to two counts of attempted rape. Idaho Code §§ 18-6101(4), 18-306. The district court sentenced Gallegos to unified sentences of fifteen years with twelve years determinate for one count, and a consecutive unified sentence of fifteen years with eight years determinate on the second count. Gallegos filed an Idaho Criminal Rule 35 motion, which the district court denied. Gallegos appeals asserting that the district court abused its discretion by imposing excessive sentences and by denying his Rule 35 motion.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Gallegos's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Gallegos' judgment of conviction and sentences, and the district court's order denying Gallegos' Rule 35 motion, are affirmed.