# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45142

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 16, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DAVID EUGENE BLONG, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Judgment of conviction and sentence, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Fyffe Law, LLC; Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

———————————————————————

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

———————————————————————

PER CURIAM

David Eugene Blong pleaded guilty to aggravated battery by causing great bodily harm, disability or permanent disfigurement, Idaho Code § 18-907(1)(a), with an enhancement for use of a deadly weapon in the commission of a felony, I.C. § 19-2520. The district court sentenced Blong to a unified thirty-year sentence, with fifteen years determinate. Blong filed an Idaho Criminal Rule 35 motion, which the district court denied. Blong appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103

Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Blong's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Blong's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Blong's judgment of conviction and sentence, and the district court's order denying Blong's I.C.R. 35 motion, are affirmed.