## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 41966

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 818 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 18, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOSHUA JASON METTIE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order relinquishing jurisdiction, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a unified sentence of twelve years, with a minimum period of confinement of three years, for aggravated battery. We affirm.

Joshua Jason Mettie pled guilty to aggravated battery. I.C. §§ 18-903(1) and 18-907(a). The district court sentenced Mettie to a unified term of twelve years, with a minimum period of confinement of three years, but suspended the sentence and placed Mettie on probation. Thereafter, Mettie admitted to violating the terms of his probation. The district court revoked probation, ordered execution of the sentence, but retained jurisdiction.

1

After Mettie completed his rider, the district court relinquished jurisdiction. Mettie filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. Mettie appeals, claiming that the district court erred by relinquishing jurisdiction, that his sentence is excessive and constitutes an abuse of discretion, and that the district court erred in denying his Rule 35 motion for reduction of sentence.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Mettie has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Mettie also contends that the unified sentence of twelve years, with a minimum period of confinement of three years, is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Mettie argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Mettie's case. The record does not indicate that the district court abused its discretion in this case.

Mettie also argues that the district court erred in denying his Rule 35 motion for reduction of sentence. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in

light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. The record does not indicate that the district court abused its discretion in this case.

The order of the district court relinquishing jurisdiction, Mettie's sentence, and the district court's order denying Mettie's Rule 35 motion are affirmed.