# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42428

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 539** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 30, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DANIEL GARY LEWIS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order relinquishing jurisdiction, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Daniel Gary Lewis pled guilty to two counts of sexual exploitation of a child. I.C. § 18-1507(2)(A). The district court sentenced Lewis to concurrent unified terms of ten years, with minimum periods of confinement of three years. The district court retained jurisdiction, and Lewis was sent to participate in the rider program.

After Lewis completed his rider, the district court relinquished jurisdiction. Lewis filed an I.C.R 35 motion, which the district court denied. Lewis appeals, claiming that the district court erred by refusing to grant probation, that his sentences are excesive and constitute an abuse

of discretion, and that the district court erred in denying his Rule 35 motion for reduction of his sentences.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Lewis has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Lewis contends that his sentences are excessive and constitute an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Lewis argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Lewis's case. The record does not indicate that the district court abused its discretion in sentencing.

Lewis contends that the district court erred in denying his Rule 35 motion for reduction of his sentences. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987. The record does not indicate that the district court abused its discretion in denying Lewis's Rule 35 motion.

The orders of the district court relinquishing jurisdiction and denying Lewis's Rule 35 motion for reduction of his sentences are affirmed.