IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44032

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 788 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 28, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHRISTOPHER LEE GREEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order revoking probation and order denying Idaho Criminal Rule 35 motion, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori Ann Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Christopher Lee Green entered an *Alford*[1] plea to possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1). The district court imposed a unified five-year sentence, with two years determinate, suspended the sentence, and placed Green on probation. Subsequently, Green admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Green filed an Idaho Criminal Rule 35 motion which the district court denied. Green appeals, contending that the district court abused its discretion in revoking probation and denying his I.C.R. 35 motion.

_____

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*. Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Green's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation, in ordering execution

of Green's sentence without modification, or in denying Green's I.C.R. 35 motion. Therefore, the order revoking probation and directing execution of Green's previously suspended sentence and the order denying Green's I.C.R. 35 motion are affirmed.