**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51798/51799/517800**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 20, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRYAN FRANK WILDING, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Fremont County. Hon. Steven W. Boyce, District Judge.

Judgments of conviction and unified, concurrent sentences of six years, with a minimum period of confinement of four years, for possession of a controlled substance; five years with a minimum period of confinement of four years for felonious administration of drugs, one year jail time for sexual battery; and five years with a minimum period of confinement of four years for unlawful possession of a firearm, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In these consolidated cases, Bryan Frank Wilding entered *Alford*[1] pleas to possession of a controlled substance, Idaho Code § 37-2732(c)(1) in Docket No. 51798; felonious administration of drugs, I.C. § 18-913 and sexual battery (misdemeanor), I.C. § 18-924 in Docket No. 51799; and

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

unlawful possession of a firearm, I.C. § 18-3316 in Docket No. 51780. In exchange for his guilty plea, additional charges were dismissed. The district court imposed concurrent sentences of six years with four years determinate for possession of methamphetamine; five years with four years determinate for felonious administration of drugs, one year jail time for sexual battery; and five years with four years determinate for unlawful possession of a firearm. Wilding filed Idaho Criminal Rule 35 motions in each case, which the district court denied. Wilding appeals asserting that the district court abused its discretion by imposing excessive sentences and by denying the I.C.R. 35 motions.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Wilding's Rule 35 motions. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Wilding's Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, Wilding's judgments of conviction and sentences, and the district court's orders denying Wilding's Rule 35 motions, are affirmed.