**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52930**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>BILLY JOE THOMAS,<br><br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Filed: June 16, 2026**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Custer County. Hon. Darren B. Simpson, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentences, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

PER CURIAM

Billy Joe Thomas pled guilty to eluding an officer and operating a vehicle without consent (Idaho Code §§ 49-1404, 49-227). Thomas also admitted to being a persistent violator of the law (I.C. § 19-2514). In exchange for his guilty pleas, additional charges were dismissed. The district court sentenced Thomas to an aggregate term of twenty years with five years determinate, suspended the sentences, and placed Thomas on probation. Subsequently, the district court revoked probation and executed the underlying sentences. Thomas filed an Idaho Criminal Rule 35 motion, which the district court denied. Thomas appeals, asserting the district court abused its discretion by denying his I.C.R. 35 motion for reduction of sentences. Specifically,

1

Thomas contends that his sentences are excessive and should be reduced or, alternatively, that he should be placed on probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Thomas's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Thomas's Rule 35 motion is affirmed.